UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LAJUANA HOOD-NEALEY,

        Plaintiff,

                            CASE NO.:

vs.

ACCENTCARE, INC., AND
GUARDIAN HOME CARE, LLC,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LAJUANA HOOD-NEALEY, by and through the undersigned attorney, sues the Defendants, ACCENTCARE, INC., and GUARDIAN HOME CARE, LLC, and alleges:

1.    Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2.    Plaintiff worked for Defendants from March 2013 to May 2015 as an hourly paid employee.

3.    Plaintiff worked for Defendants in DeKalb, County Georgia.

4.      Defendant, ACCENTCARE, INC., is a Delaware corporation that has its principal place of business in Texas.  Defendant, ACCENTCARE, INC., operates a home care and hospice business in Georgia and is within the jurisdiction of this Court.

5.      Defendant, GUARDIAN HOME CARE, LLC, is a Georgia Limited Liability Company with the same principal place of business in Texas as Defendant, ACCENTCARE, INC.   Defendant, GUARDIAN HOME CARE, LLC, operates a home care and hospice business in Georgia and is within the jurisdiction of this Court.

6.      This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8.      During Plaintiff's employment with Defendants, Defendants each earned more than $500,000.00 per year in gross sales.

9.      During Plaintiff's employment with Defendants, Defendants each employed two or more employees which handled goods, materials and supplies

2

which had travelled in interstate commerce.

10.    Included in such goods, materials and supplies were computers, telephones, servers, vehicles, office equipment and furniture, medical equipment and supplies, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

11.    Therefore, Defendants are each considered an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

12.    At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff for all overtime hours worked by her.

13.    Specifically, Plaintiff's supervisors would have her clock out and keep working on an almost daily basis.

14.    As a result, Plaintiff would be paid no overtime compensation for the additional overtime hours she worked on a weekly basis.

15.    Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation for all overtime hours worked.

16.    Upon information and belief, the records (including time clock records and computer log-in records showing Plaintiff working), to the extent any exist and are accurate, concerning the number of hours worked and

amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

17.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-16 above.

18.    Plaintiff was entitled to be paid overtime compensation during her employment with Defendants.

19.    During her employment, Plaintiff was instructed to clock out and keep working by her supervisors.

20.    As a result of this practice, Plaintiff was not paid overtime compensation for all overtime hours worked by her during her employment with Defendants.

21.    Defendants did not have a good faith basis for their practice in failing to pay Plaintiff overtime compensation for all hours worked.

22.    As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff all overtime compensation owed to her, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

23.    As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

24.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, LAJUANA HOOD-NEALEY, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 9th day of December, 2015.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 245-3401
Email:       RMorgan@forthepeople.com
*Attorneys for Plaintiff*