IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAJUANA HOOD-NEALEY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| v. | ) | No.  1:15-cv-04285-AT |
| | ) | |
| ACCENTCARE, INC., AND, | ) | |
| GUARDIAN HOME CARE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Plaintiff Lajuana Hood-Nealey ("Plaintiff"), and Accentcare, Inc. and Guardian Home Care, LLC ("Defendants") (collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter. Because Plaintiff's action and claims arise under the Fair Labor Standards Act ("FLSA"), the Parties' settlement agreement must be approved by this Court and said approval must be entered as a stipulated final judgment.

I.   **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims

under the FLSA if the payment of unpaid wages by the employer to the employee is

supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's*

*Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in

the context of a private lawsuit brought by an employee against an employer under

section 216(b) of the FLSA, an employee may settle and release FLSA claims

against an employer if the parties present the district court with a proposed

settlement and the District Court enters a stipulated judgment approving the fairness

of the settlement.  *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925,

928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d

960,961 (5th Cir. 1947).  In detailing the circumstances justifying court approval of

an FLSA settlement in a litigation context, the Eleventh Circuit has stated as

follows:

> Settlements may be permissible in the context of a suit brought by
> employees under the FLSA for back wages because initiation of the
> action by the employees provides some assurance of an adversarial
> context. The employees are likely to be represented by an attorney
> who can protect their rights under the statute. Thus, when the parties
> submit a settlement to the court for approval, the settlement is more
> likely to reflect a reasonable compromise of disputed issues than a
> mere waiver of statutory rights brought by an employer's
> overreaching. If a settlement in an employee FLSA suit does reflect a
> reasonable compromise over issues, such as FLSA coverage or
> computation of back wages that are actually in dispute, we allow the
> District Court to approve the settlement in order to promote the policy
> of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against her former employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff and Defendants were represented by experienced counsel.

The Parties agree that the instant action involves disputed issues regarding the payment of overtime wages under the FLSA. The Parties dispute whether Plaintiff was denied any overtime during her employment with Defendants. Plaintiff contends that Defendant failed to pay her for all of her hours of work. Defendants contend that Plaintiff was paid for all of her hours of work and that to the extent Plaintiff failed to report her hours of work, Defendants were not aware that such work was being performed. Accordingly, the Parties dispute whether Plaintiff was paid for all of the hours she worked each week over 40 hours per week, and whether she was paid minimum wage for all of her hours of work. The Parties further dispute whether liquidated damages are appropriate. Defendant contends that it can satisfy the elements of the "good faith defense" to liquidated damages, 29 U.S.C. § 260. Plaintiff contends that liquidated damages are appropriate because she alleges

her supervisors were aware of her not being paid for all time worked.  Plaintiff

contends she worked in excess of 40 hours per week.  Defendant contends that

Plaintiff did not work in excess of 40 hours per week.  Plaintiff and her counsel

discussed the disputed factual and legal issues over the phone and over electronic

mail with counsel for Defendants.  The Parties formulated and exchanged their own

proposed settlement figures.  The Parties then engaged in settlement discussions,

based upon their independent calculations.  The Parties, through their attorneys,

voluntarily agreed to the terms of their settlement agreements during negotiations.

All Parties were counseled and represented by their respective attorneys throughout

the litigation and settlement process.

## III.   Summary of the Settlement

The Parties' settlement agreement is attached hereto as "Exhibit A." Plaintiff

alleges that, from March 2013, to the end of her employment in May 2015, she was

not paid for her all of her hours of work by Defendants because she was not

allowed to report all hours worked.    During this period, Plaintiff was paid on an

hourly basis and she contends that she regularly worked hours over and above 40

per week that were "off the clock."  Defendants deny Plaintiff's allegations and

contend that to the extent Plaintiff did not report all of her hours of work, she was

in violation of company policy and that Defendants were unaware that such work was being performed.

The Parties' proposed settlement will provide Plaintiff with approximately $17,400, less applicable wage withholdings on half of that amount (the wage portion of the settlement). This settlement amount compensates Plaintiff for her wage claims in full, despite Defendants' arguments to the contrary. The Parties agree that Plaintiff is being fully compensated and that the settlement is fair and reasonable.

Pursuant to the proposed settlement, Plaintiff's counsel will also receive $5,000.00 in attorney's fees and costs in addition to the amounts received by Plaintiff. The attorneys' fees and costs were negotiated separate and apart from the amounts claimed by Plaintiff, without regard to the amount paid to Plaintiff and further support that the settlement is reasonable. *Bonetti v. Embarq Mgmt. Co.,* 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009).

## III.   Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action without prejudice.

A proposed Order granting the relief requested herein is attached to this Motion as Exhibit "B" hereto.

Respectfully submitted this 24h day of February, 2016.

**MORGAN & MORGAN, P.A.**

*/s/ C. Ryan Morgan*
C. Ryan Morgan
Georgia Bar No. 711884
MORGAN & MORGAN, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
(407) 420-1414 phone
(407) 245-3401 fax
RMorgan@forethepeople.com

Attorney for Plaintiff Lajuana
Hood-Nealey

**JACKSON LEWIS, P.C.**

*/s/ Eric Magnus*
Eric R. Magnus
Georgia Bar No. 801405
JACKSON LEWIS, P.C.
1155 Peachtree St., NE
Suite 1000
Atlanta, GA 30309
(404) 525-8200
(404) 525-1173 facsimile
magnuse@jacksonlewis.com

Attorneys for Defendants